UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | Civil Action No. 5: 13-245-DCR |
| BARRY KENDRICK and CHRISTIAN TAYLOR, | ) ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) ) | |
| V. | ) ) | |
| KENTUCKY FARM BUREAU INSURANCE COMPANY, | ) ) ) ) | |
| Third-Party Defendant, | ) ) | |
| and | ) ) | **MEMORANDUM OPINION AND ORDER** |
| BOBBY CUMMINS, | ) ) | |
| Third-Party Defendant and Third-Party Plaintiff, | ) ) ) | |
| V. | ) ) | |
| SAMANTHA KENDRICK, | ) ) ) | |
| Third-Party Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendants and Third-Party Plaintiffs Barry Kendrick and Christian Taylor's motion to vacate and strike the Third-Party Complaint of Third-

Party Defendant and Third-Party Plaintiff Bobby Cummins. [Record No. 37] Cummins' Third-Party Complaint adds Samantha Kendrick as a party to this action. [Record No. 35] Barry Kendrick and Taylor argue that the Court should vacate its prior Order granting Cummins' motion for leave to file a Third-Party Complaint. [Record No. 35] They also assert that the Court should strike the Third-Party Complaint because it does not comply with previous orders of the Court and the Federal Rules of Civil Procedure. [*Id.*] For the reasons discussed below, the Court will grant the requested relief.

**I.**

This action arises out of a motor vehicle accident in which Taylor was injured while operating a 2004 Yamaha Motorcycle ("Motorcycle"). [Record No. 1, ¶ 16] At the time of the accident, the Motorcycle was covered by a policy provided by Plaintiff American Modern Select Insurance Company ("AMSIC"). [*Id.*, ¶4] On August 1, 2013, AMSIC filed a Complaint alleging that Barry Kendrick, through his wife and authorized agent Samantha Kendrick, failed to disclose Taylor as the owner and operator of the Motorcycle in the procurement of the policy. [*Id.*, ¶18] It claims that this renders the policy void and asks the Court to rescind it. [*Id.*] On September 3, 2013, Barry Kendrick and Taylor filed their Answer and Counterclaim against AMSIC claiming: (i) breach of contract; (ii) violation of the Kentucky Motor Vehicle Reparations Act; (iii) negligence; and (iv) violation of the Unfair Claims Settlement Practices Act. [Record No. 8]

Barry Kendrick and Taylor also filed a Third-Party Complaint on September 17, 2013 against Kentucky Farm Bureau Mutual Insurance Company ("KFB") and Bobby Cummins.

[Record No. 10] They claim that, as agents of AMSIC, KFB and Cummins are liable for negligence by breaching their duty to exercise reasonable care in securing and selling insurance to them. [*Id.*, p. 6] They assert that if the AMSIC policy is void and unenforceable, it was due to KFB and Cummins' negligence. [*Id.*, pp. 6-7]

On September 25, 2013, the Court entered a Scheduling Order directing that the parties file any motions to join additional parties by January 1, 2014. [Record No. 14, p. 3] On March 3, 2014, Cummins filed an untimely motion for leave to file a Third-Party Complaint, which was granted. [Record Nos. 33, 34] In seeking leave to file a Third-Party Complaint, Cummins claimed that he "did not realize the extent, nature, and basis of his claim against Ms. Kendrick until her deposition was completed on February 18, 2014." [Record No. 33, p. 2] However, in response to the current motion, Cummins states that he referenced Samantha Kendrick's deposition to show the approximate time he decided that she should be added as a party. [Record No. 42, p. 4] Cummins' Third-Party Complaint asserts that as a result of the misinformation provided by Samantha Kendrick, Taylor was not listed as an owner or driver under the policy when the accident occurred. [Record No. 35, ¶17] Cummins claims that, because Samantha Kendrick was negligent in obtaining the policy, he is entitled indemnity, contribution, or apportionment of any potential damages if he is found liable. [*Id.*, pp. 4-5]

Barry Kendrick and Taylor then filed the motion to vacate and strike Cummins' Third-Party Complaint. [Record No. 37] They argue that: (i) Samantha Kendrick is not a necessary party; (ii) Cummin's motion for leave to file was disingenuous; and (iii) Cummins failed to comply with the applicable rules for joinder of a third-party defendant. [*Id.*] In addition to the

arguments listed previously, Cummins asserts that Samantha Kendrick's addition as a party would promote judicial efficiency. [Record No. 42]

**II.**

Rule 14(a)(1) of the Federal Rule of Civil Procedure states that "a defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it." If fourteen days has passed since the defendant/third-party plaintiff filed his or her answer, that party is required to seek the leave of court to add a third-party defendant. Fed. R. Civ. P. 14(a)(1).

"The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citations omitted). However, "[t]he decision of whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." *Asher v. Unarco Material Handling, Inc.*, No. 6:06–548–DCR, 2007 WL 3046064, at *4 (E.D. Ky. Oct. 16, 2007) (citations omitted). "Competing interests includ[e] the avoiding of duplicative litigation versus ensuring that parties already before the court receive expeditious adjudication." *Id.* (citation omitted). The promptness of a Rule 14(a)(1) motion to implead a third-party defendant is "an urgent factor governing the exercise of [the court's] discretion." *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). The Court considers, in part, the: (i) timeliness of the motion; (ii) likelihood of trial delay; (iii) potential for complication of issues;

and (iv) prejudice to the original plaintiff. *Botkin v. Tokio Marine & Nichido Fire Ins. Co., Ltd.*, 956 F. Supp. 2d 795, 802 (E.D. Ky. 2013) (citations omitted).

### III.

Barry Kendrick and Taylor argue that the Court should vacate its prior order because Cummins cannot justify his late application for leave to file his Third-Party Complaint.[1] [Record No. 37, p. 4] They assert that Cummins has failed to provide a sufficient reason for the untimeliness of his Third-Party Complaint. Cummins filed his motion requesting leave to file a Third-Party Complaint two months after the deadline set out in the Scheduling Order. [Record No. 14, p. 3] In his motion requesting leave, Cummins states that he was only brought into the case in September 2013 and did not realize the "extent, nature, and basis of his claims" until Samantha Kendrick's deposition was completed on February 18, 2014. [Record No. 33, p. 2]

Barry Kendrick and Taylor argue that Cummins' assertions are disingenuous. They assert that, because Cummins was a participant in all the communications with Samantha Kendrick during the procurement the policy, he could learn nothing from further discovery. They also contend that Cummins' claims contain no new factual assertions that were not already alleged by AMSIC. Further, they claim that Cummins could not have learned anything from Samantha Kendrick's deposition because it was brief and she mainly ratified her statements made prior to the commencement of this action. [Record No. 37, pp. 2-3] Barry Kendrick and Taylor maintain

---

[1] Barry Kendrick and Taylor also claim that Samantha Kendrick is not a necessary party under Rule 19 of the Federal Rules of Civil Procedure. While Cummins contends that Samantha Kendrick is a necessary party in his motion requesting leave, he apparently concedes this point because he does not respond to this argument. [*See* Record No. 42.] Regardless, the Court must still determine if the impleader is proper under Rule 14 and the Scheduling Order.

that Cummins is seeking relief from the Scheduling Order simply because he changed his mind concerning Samantha Kendrick's presence to this case. [Record No. 43, p. 2] Cummins responds that he did not intend to insinuate that new facts were discovered during Samantha Kendrick's deposition. Rather, he maintains that her deposition was around the time that his counsel re-evaluated the case and fully understood the need to add her as a party. [Record No. 42, p. 4] Cummins also claims that the late filing was due in part to his late addition to this action.

Rule 16 authorizes the court to enter a scheduling order limiting the time a party may join other parties, amend pleadings, file motions, and complete discovery. Further, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). A court may modify a scheduling order when good cause is shown but may do so only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's note; *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (stating that good cause is measured by the party's "diligence in attempting to meet the case management order's requirements" (quotation omitted)). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Therefore, Cummins must show good cause for relief from the Scheduling Order.

Through his previous motion, Cummins represented that he "did not realize the extent, nature, and basis of his claim against Ms. Kendrick until her deposition was completed on

February 18, 2014." [Record No. 33, p. 2] This implied that some new evidence was obtained during her deposition. However, in response to the present motion, Cummins attempts to qualify his previous statement. Specifically, he claims that Samantha Kendrick's deposition was referenced only to provide the approximate date that he decided she should be made a party. [Record No. 42, p. 4] In fact, he admits that no new facts or evidence was discovered through her deposition. [*Id.*] Moreover, Cummins does not point to any specific fact or change in circumstance causing him to attempt to add Samantha Kendrick outside the time provided that did not exist prior to the deadline. Thus, Cummins possessed all of the facts and evidence needed to determine whether to add Samantha Kendrick as a party prior to the deadline set by the Court. Additionally, even though Cummins stated that he determined that Samantha Kendrick should be added as a party near February 18, 2014, he did not file his motion seeking permission to file the Third-Party Complaint until March 3, 2014. [Record No. 33]

In summary, Cummins has not provided any facts or evidence demonstrating that he was unable to file his Third-Party Complaint before the deadline set by the Scheduling Order. Failure to assert claims within the time limit set can be construed as carelessness or baseless delay which "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) (citing *Johnson*, 975 F.2d at 609). In short, the record does not indicate that Cummins tried to diligently meet the Court's scheduling requirements. Counsel for Cummins all but admits this in her affidavit, which states that she did not realize that Samantha Kendrick should be added as a party until the deadline had passed. [Record No. 42-1] Without some evidence of an attempt to meet

the Court's deadlines, Cummins' assertions do not sufficiently demonstrate the requisite diligence or good cause for relief from the Scheduling Order.

Barry Kendrick and Taylor also assert that Cummins is forcing them to sue a third party who they did not choose to sue. [Record No. 37, p. 5 (citing *Gartner v. Lombard Bros.*, 197 F.2d 53, 54-55 (3d Cir. 1952)] "Under Fed. R. Civ. P. 14(a), a third party complaint is permitted only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *Baker v. Pierce*, 812 F.2d 1406 (6th Cir. 1987). However, if a third-party plaintiff is attempting to make a claim that "it was him, not me," then impleader is inappropriate. *Gookin v. Altus Capital Partners, Inc.*, No. 05-179-JBC, 2006 WL 7132020, at *2 (E.D. Ky. Mar. 24, 2006).

Cummins' Third-Party Complaint alleges that he relied on representations negligently made by Samantha Kendrick. Cummins claims that, if he is liable, she is also liable for indemnity, contribution, or apportionment because his potential negligence would be secondary. [Record No. 35, p. 4] This is not a case where Cummins is essentially pleading a complete defense. *See Gookin* 2006 WL 7132020, at *3. Rather, he is asserting that if he is liable, then the third-party defendant is derivatively liable and must reimburse him, in whole or in part, for anything he must pay. [*See* Record No. 35.] Derivative liability is found when it is dependent on a finding of liability in the original action. *Gookin* 2006 WL 7132020, at *3 (citations omitted). Third-party complaints have been found permissible when there is an allegation of a relationship between the third-party plaintiff and the prospective third-party defendant, or a duty has been alleged. *Diar v. Genesco, Inc.*, 102 F.R.D. 288, 291 (N.D. Ohio 1984) (citation

omitted). Here, Cummins has alleged that Samantha Kendrick breached her duty to make factually correct statements in her procurement of the policy. Thus, Barry Kendrick and Taylor's motion will not be granted on this ground.

Barry Kendrick and Taylor also argue that the Third-Party Complaint should not be permitted under Rule 14 of the Federal Rules of Civil Procedure. [Record No. 37, p. 4] In determining whether to allow a third-party complaint, courts consider: (i) timeliness of the motion; (ii) likelihood of trial delay; (iii) potential for complication of issues; and (iv) prejudice to the original plaintiff. *Botkin,* 956 F. Supp. 2d at 802 (citations omitted). In the present case, Cummins' Third-Party Complaint is untimely. Courts have considered whether parties seeking leave to file a third-party complaint "deliberately delayed or [were] derelict in filing the motion." *Id.* As discussed above, Cummins had several months to file his Third-Party Complaint before the expiration of the deadline. The promptness of a motion seeking to file a third-party complaint is considered an "urgent factor" for a court's consideration. *Irvin*, 274 F.2d at 178. Cummins has not provided the Court with any sufficient reason for his delay. Thus, this factor strongly weighs in favor of striking the Third-Party Complaint.

Cummins argues that delay of February 24, 2015 trial date is unlikely because "significant discovery" has already been completed concerning Samantha Kendrick. [Record No. 42, p. 5] However, when Samantha Kendrick's deposition was taken, she was only considered a witness. With her addition as a party, further discovery may be necessary. For example, Cummins claims that he completely relied on Samantha Kendrick's representations when issuing the policy. However, Barry Kendrick and Taylor argue that Cummins also relied

on other information provided by a database or software system. [Record No. 43, p. 3] Thus, additional discovery concerning this factual dispute might be necessary if Samantha Kendrick remains a party to this action. In short, delay of the scheduled trial and an extension of the remaining deadlines would be a real possibility.

Cummins also argues that there is no reason to believe that adding Samantha Kendrick would complicate resolution of the issues in this proceeding. [Record No. 42, p. 5] He claims that, because she was already a witness and her testimony will likely be the same, her presence as a third-party defendant would not complicate the matter. [*Id.*] While it may be true that the testimony of Samantha Kendrick would not change, Cummins' Third-Party Complaint advances indemnity, contribution, and apportionment theories of liability. [Record No. 35, p. 4] Litigation of these remedies and the addition of a new party will almost certainly further complicate the issues at trial. Therefore, this factor weighs in favor of striking the Third-Party Complaint.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendants/Third Party Plaintiffs Barry Kendrick and Christian Taylor's Motion to Vacate and Strike the Third-Party Complaint of Third-Party Defendant/Third-Party Plaintiff Bobby Cummins [Record No. 37] is **GRANTED**.

2. The Court's previous Order granting Bobby Cummins' leave to file his Third-Party Complaint [Record No. 34] is **VACATED**.

3. Bobby Cummins' Third-Party Complaint [Record No. 35] is **STRICKEN**.

This 7th day of July, 2014.


Signed By:
*Danny C. Reeves*  DCR
United States District Judge